UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARCHIE PORTER,<br><br>Plaintiff,<br><br>v.<br><br>PRINCE GEORGE'S COUNTY GOV'T,<br><br>et al.,<br><br>Defendants. | Civil Action No. 06-0667 (JDB) |

MEMORANDUM OPINION

Plaintiff Archie Porter brings this action on behalf of the Estate of Charles Barnes, his son, against defendants Prince George's County, Maryland; Jack Johnson, County Executive, individually and in his official capacity; Corporal Brian Padgett, individually and in his official capacity as a police officer with the Third District Police Department in Prince George's County; and Melvin High, individually and in his official capacity as the Chief of Police for Prince George's County and supervisor of defendant Padgett. Specifically, plaintiff alleges several violations of the federal and Maryland constitutions, as well as common law torts, which allegedly resulted from the shooting of Charles Barnes ("decedent") on April 23, 2005. Barnes

died as a result of the gunshot wounds just one week later.

When this incident occurred, it is undisputed that plaintiff, decedent, and all defendants were located in and resided in Maryland. Likewise, all of the individual defendants were employed in Maryland, and there is no allegation that any of them ever had any specific contact with, or derived any substantial benefit from, the District of Columbia. The shooting occurred in Maryland, and decedent died in Maryland.

Defendant Prince George's County and defendants High and Johnson (collectively the "individual defendants") therefore assert that this Court lacks personal jurisdiction over them and, furthermore, that venue here is improper. Accordingly, these defendants have moved to dismiss plaintiff's complaint. Plaintiff opposes dismissal, arguing that the requirements of the District's long-arm statute are satisfied by virtue of a written compact between the Metropolitan Police Department, the United States Marshall's Office, and the Prince George's County Police Department concerning law enforcement responsibilities with respect to the border between the District and Maryland. Plaintiff also relies on the fact that he currently resides in the District of Columbia -- although he did not when the events that form the basis of this action occurred -- to support his argument that personal jurisdiction exists. Plaintiff has not addressed defendants' arguments regarding venue. For the reasons that follow, the Court will grant defendants' motion in part.

## LEGAL STANDARD

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b) ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see also</u> <u>Haynesworth</u>

v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987).  A complaint need only contain " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47; see also Fed. R. Civ. P. 8.  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

Under Rule 12(b), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor.  See Leatherman v. Tarrant Cty. Narcotics and Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979); see also Sierra Club v. Mainella, 2005 WL 3276264 at *5 (D.D.C. Sep. 1, 2005) (unpublished disposition).  The plaintiff must be given every favorable inference that may be drawn from the allegations of fact.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000).  Conclusory legal and factual allegations, however, need not be considered by the court.  Domen v. Nat'l Rehab. Hosp., 925 F. Supp. 830, 837 (D.D.C. 1996) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

## ANALYSIS

It is telling that plaintiff, in his opposition papers, never addresses defendants' argument that, under 28 U.S.C. § 1391(b), venue is not proper in this Court.  Plaintiff's amended complaint alleged jurisdiction based upon both the existence of at least one federal question (by virtue of the claims arising under the federal Constitution) and diversity of citizenship.  Because diversity jurisdiction is not the sole basis for subject matter jurisdiction, then, the applicable venue

provision is 28 U.S.C. § 1391(b).  In pertinent part, § 1391(b) provides that venue is only proper here if: (1) at least one defendant resides in the District, as long as all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred in the District; or (3) any defendant may be found in the District, but only if there is no other judicial district in which the action may be brought under either of the first two enumerated circumstances.  Here, no defendant resides in the District.  The second option is likewise unavailable to plaintiff, because none of the events or omissions underlying this action occurred in the District.  Finally, venue is not proper based on the third option either, because there is another judicial district in which this action could have been filed -- specifically, the District of Maryland, where all of the relevant events and omissions occurred.[1]

Under 28 U.S.C. § 1406, the Court has the authority to transfer "a case laying venue in the wrong division or district . . . to any district or division in which it could have been brought," provided that it is in the "interest of justice" to do so.  This action was timely-filed, albeit in the wrong court.  A dismissal of the complaint would require plaintiff to re-file in a proper venue, which could jeopardize plaintiff's right to bring the action in light of the applicable statute of limitations.  Accordingly, it is in the "interest of justice" to transfer this case to the United States District Court for the District of Maryland, and this Court will do so.

## CONCLUSION

For the reasons discussed herein, venue is not proper in the District of Columbia with respect to any defendant.  Accordingly, pursuant to 28 U.S.C. § 1406, this action will be

---

[1] Because venue is improper in this Court as to all defendants, the Court need not adress plaintiff's questionable arguments regarding personal jurisdiction based upon the written compact regarding law enforcement at the Maryland-District of Columbia border.

transferred to the United States District Court for the District of Maryland.  A separate order has been posted on this date.

/s/      John D. Bates
John D. Bates
United States District Judge

Dated:     July 14, 2006

*Copies to*:

George Henry Smith
BLAIR & LEE
4701 Melbourne Place
College Park, MD 20740
(301) 474-4700
Fax: (301) 474-5568
Email: blghslaw4100@aol.com

Walter Lloyd Blair
BLAIR & LEE, P.C.
Blair Professional Building
4701 Melbourne Place
College Park, MD 20740
(301)474-4700
Fax: 301-474-5568
Email: BlairLeePC@aol.com
    *Counsel for plaintiff*

Alice S. Chong
PRINCE GEORGE'S COUNTY GOVERNMENT
14741 Gov. Oden Bowie Drive
Suite 5121
Upper Marlboro, MD 20772
(301) 952-5225
Fax: 301-952-3071
Email: aschong@co.pg.md.us
    *Counsel for defendant*s